HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OZONE INTERNATIONAL, LLC, | No. 3:19-cv-06155-RAJ |
| Plaintiff, | |
| v. | |
| WHEATSHEAF GROUP US, INC., | PROTECTIVE ORDER STAYING DISCOVERY PENDING MOTION TO DISMISS RULING |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant's motion for a protective order under Federal Rule of Civil Procedure 26(c) temporarily staying discovery until the Court rules on Defendant's pending motion to dismiss Plaintiff's First Amended Complaint. Dkt. # 30. Plaintiff opposes the motion. Dkt. # 32. For the reasons below, the Court **GRANTS** the protective order.

## II. LEGAL STANDARD

A district court has discretionary power to stay proceedings and control discovery in its own court. *See Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer*

ORDER – 1

*v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  A district court's discretion to control discovery is broad.  *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  Indeed, upon a showing of good cause, a court may limit or even deny discovery.  Fed. R. Civ. P. 26(c).  Of course, although a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule.  *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (finding that the district court did not abuse its discretion in staying discovery pending the resolution of a Rule 12(b) motion); *cf. Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (finding that a motion to dismiss is not grounds for staying discovery and that liberally allowing stays the resolution of motions is "directly at odds with the need for expeditious resolution of litigation").  The party that objects to the requested discovery carries a "heavy burden of showing why discovery was denied."  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### III.  DISCUSSION

The parties here agree that there are two cases related to this matter: *Ozone Int'l, LLC v. Wheatsheaf Group Ltd.*, No. 2:19-cv-01108-RAJ (W.D. Wash.) (the "*First-Filed Lawsuit*"), and *Brandt v. Beadle*, No. 3:19-cv-06159-BHS (W.D. Wash.).  Dkt. # 32 at 3.  In this case, Plaintiff Ozone International, LLC ("Plaintiff") filed a complaint on November 27, 2019.  Dkt. # 1.  Defendant Wheatsheaf Group US, Inc. ("Defendant") field a motion to dismiss for failure to state a claim on February 27, 2020.  Dkt. # 12.  On May 27, 2020, the Honorable Ronald B. Leighton dismissed the claims for breach of fiduciary duty with prejudice and dismissed the fraud claims without prejudice, permitting Plaintiff to amend its complaint with respect to this claim.  Dkt. # 18 at 15.  Judge Leighton then transferred the case to the undersigned.  *Id.*  Plaintiff filed an amended complaint on June 10, 2020.  Dkt. # 22.  Defendant subsequently filed a motion to dismiss Plaintiff's First Amended Complaint on June 24, 2020.  Dkt. # 23.  A month

ORDER – 2

1  later, on August 24, 2020, Defendant filed this motion for a protective order staying
2  discovery pending this Court's ruling on the motion to dismiss. Dkt. # 30. Plaintiff
3  opposed this motion. Dkt. # 32.

4        In seeking a protective order to temporarily stay discovery, Defendant argues that
5  there is good cause because (1) its motion to dismiss Plaintiff's entire Amended
6  Complaint is pending, (2) Plaintiff's discovery requests are overbroad and irrelevant, and
7  (3) Plaintiff faces no prejudice. Dkt. # 30 at 6. Further, Defendant notes that the Court
8  already dismissed Plaintiff's claims in their entirety and argues that the single claim
9  alleged in the Amended Complaint is not supported by factual allegations. *Id.* at 6-7.

10        Plaintiff argues that the motion for a protective order is untimely and improper,
11  and Defendant has failed to identify any specific prejudice or harm that will result from
12  responding to Plaintiff's discovery requests. Dkt. # 32 at 2. Plaintiff further alleges that
13  it will suffer unfair prejudice and significant harm if it cannot obtain discovery given the
14  discovery deadline of January 25, 2021, dispositive motion deadline of February 23,
15  2021, and the trial date of May 24, 2021. *Id.* at 8.

16        The Court does not find the motion for a protective order to be untimely.
17  Defendant timely responded and served objections to Plaintiff's discovery requests. Dkt.
18  # 32 at 6; Dkt. # 34 at 4. Plaintiff cites no authority requiring Defendant to file a
19  protective order within the deadline for discovery. With respect to good cause shown and
20  harm to either party, this is a closer call. Plaintiff claims that it will suffer harm if it
21  cannot move forward with discovery given the approaching deadlines, but only began
22  seeking discovery after the second motion to dismiss was filed—nearly seven months
23  after it commenced litigation. Dkt. # 34 at 5. Defendant is keen to avoid incurring the
24  cost and effort of significant discovery, which would be rendered unnecessary if the
25  Court again dismisses Plaintiff's claim. Plaintiff has withdrawn nine requests for
26  production in response at this time. Given the complexity of three related cases and
27  significant discovery at issue, however, the Court finds that a temporary stay pending its
28  ORDER – 3

ruling on Defendant's motion to dismiss is appropriate.

### IV.  CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant's Motion for Protective Order Staying Discovery Pending Motion to Dismiss Ruling, Dkt. # 30.  The Court defers consideration of Defendant's request to strike several of Plaintiff's interrogatories and requests for production.

DATED this 17th day of November, 2020.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4