HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OZONE INTERNATIONAL, LLC, <br><br> Plaintiff, <br> v. <br><br> WHEATSHEAF GROUP US, INC., <br><br> Defendant. | No. 3:19-cv-06155-RAJ <br><br><br> ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's first amended complaint. Dkt. # 23. Plaintiff opposes the motion. Dkt. # 26. For the reasons below, the Court **GRANTS** Defendant's motion to dismiss.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the

ORDER – 1

complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Twombly*, 550 U.S. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a court typically considers only the contents of the complaint. However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint"). A court may also "'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). A court may therefore "properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated by Astoria Fed. Sav. & Loan Ass'n v. Solimino on other grounds*, 501 U.S. 104 (1991). With these principles in mind, the Court turns to the instant motion.

### III.  BACKGROUND

The parties here agree that there are two cases related to this matter: *Ozone Int'l, LLC v. Wheatsheaf Group Ltd.*, No. 2:19-cv-01108-RAJ (W.D. Wash.) (the "*First-Filed Lawsuit*"), and *Brandt v. Beadle*, No. 3:19-cv-06159-BHS (W.D. Wash.). Dkt. # 32 at 3. In this case, Plaintiff Ozone International, LLC ("Plaintiff" or "Ozone") filed a complaint on November 27, 2019. Dkt. # 1. Defendant Wheatsheaf Group US, Inc. ("Defendant" or "Wheatsheaf") field a motion to dismiss for failure to state a claim on February 27, 2020. Dkt. # 12. On May 27, 2020, the Honorable Ronald B. Leighton dismissed the

ORDER – 2

claims for breach of fiduciary duty with prejudice and dismissed the fraud claims without prejudice, permitting Plaintiff to amend its complaint with respect to these claims. Dkt. # 18 at 15.  Judge Leighton then transferred the case to the undersigned. *Id.*

Plaintiff filed an amended complaint on June 10, 2020.  Dkt. # 22.  Because the facts have not materially changed from the original complaint, the Court incorporates the facts by reference to its prior order, Dkt. # 18 at 3-7, and briefly recounts them here as relevant to Plaintiff's remaining claims.

Plaintiff is a Washington-based business that developed chemical-free technology to improve food safety and to extend the shelf life for food and beverages. Dkt. # 22 ¶ 6. In 2017, Wheatsheaf Group Limited ("WGL"), a UK-based corporation, formed two domestic subsidiaries: WGUS FS LLC d/b/a TriStrata Group ("TriStrata") and Defendant Wheatsheaf.  *Id.* ¶¶ 8-10.  Plaintiff entered into two agreements with WGL to facilitate the acquisition of Ozone's business assets. *Id.* ¶ 11.  Under the Asset Purchase Agreement ("APA"), Ozone transferred almost all of its operating assets to TriStrata for approximately $10 million, while Ozone retained ownership for a limited period of certain "excluded contracts" valued at $35 million. *Id.* ¶ 12. Under the Transition Services Agreement ("TSA"), TriStrata was obligated to service the excluded contracts with Ozone paying TriStrata servicing fees. *Id.* ¶ 13.  TriStrata would acquire the contracts from TriStrata over a period of years and pay contract acquisition fees covering TriStrata's purchase of machines and parts from Ozone, with the objective of transferring all contracts and inventory to TriStrata over several years. *Id.*  Ozone established a $1.5 million reserve, held and controlled by WGL to be used for any "intercompany charges that arose as a result of the TSA." *Id.* ¶ 14.

Plaintiff claims that "[a]s a result of the substantial acquisition fees that TriStrata owed to Ozone under the TSA, Ozone became a creditor of TriStrata when the TSA went into effect on September 27, 2017. *Id.* ¶ 16.  Beginning in November 2017, TriStrata began acquiring inventory from Ozone through a series of purchases. *Id.* ¶ 17.  Plaintiff

ORDER – 3

1  alleges that TriStrata never paid Ozone for the majority of purchases. *Id.*   Beginning in
2  February 2018, TriStrata began to acquire Ozone's excluded contracts, but Ozone
3  contends that it was never paid for these contracts either. *Id.* ¶ 18.

4  On January 1, 2019, TriStrata acquired a 90 percent equity interest in Purfresh
5  Inc., a California Corporation. *Id.* ¶ 22.  This purchase was memorialized in a contract,
6  the Unit Pledge Agreement, between Wheatsheaf, TriStrata, and Purfresh, by which
7  Wheatsheaf had the right to compel TriStrata to sell its interest in Purfresh through a call
8  option. *Id.* ¶¶ 23-26; Dkt. # 22-1 at 2.  On May 14, 2019, Wheatsheaf exercised its call
9  option and TriStrata transferred the full Purfresh equity interest to Wheatsheaf.  Dkt. # 22
10 ¶ 29.  On May 30, 2019, Wheatsheaf shut down and liquidated TriSTrata "through an
11 assignment for the benefit of creditors that commenced a receivership in accordance with
12 RCW 7.08 and 7.60, *In the Receivership of WGUS FS, LLC*, No. 19-2-14553-6 (King
13 Cty. Sup. Ct.) (the "Receivership")." *Id.* ¶ 33.  The Receivership was ultimately closed,
14 but, Plaintiff alleges, "the Receiver expressly preserved Ozone's Transfer-related claims
15 against Wheatsheaf and its Officers." *Id.* ¶ 41.

16 The transfer is now the subject of Ozone's claims.  Plaintiff claims that TriStrata
17 was indebted to Ozone at the time of the transfer for approximately $2.5 million in
18 transfer fees, $1 million in improperly collected payments from Ozone's customer
19 contracts, and over $300,000 for machines and supplies Ozone sold to TriStrata from
20 January 2018 through July 2018. *Id.* ¶ 43.  Plaintiff alleges that the transfer violated
21 provisions of the Washington's Uniform Voidable Transactions Act ("UVTA"). *Id.* ¶¶
22 44-60.

23 On June 24, 2020, Defendant filed the pending motion to dismiss Plaintiff's First
24 Amended Complaint. Dkt. # 23.  On January 29, 2021, Defendant filed a notice of
25 supplemental authority issued in King County Superior Court in *WGUS BCO LLC d/b/a*
26 *Ozark v. Ozone International, LLC*, No. 20-2-07562-1-SEA (the "*Ozark* Litigation").
27 Dkt. # 39.  The notice included two related orders on cross motions for summary

28 ORDER – 4

1  judgment issued by Superior Court Judge Judith Rasmeyer on January 19, 2021.  *Id.*

2  　　　On February 3, 2021, Plaintiff moved the Court to strike the notice as improper because (1) the orders were interlocutory and subject to a pending motion for reconsideration, and (2) Defendant's notice improperly asserted additional arguments related to the pending motion to dismiss in this case.  Dkt. # 40 at 1.  Alternatively, Plaintiff requested that the Court withhold consideration of the motion to dismiss here until the *Ozark* court ruled on Plaintiff's motion for reconsideration before it and order the parties to file a joint status report on the state court rulings.  *Id.*  Defendant opposed the motion, Dkt. # 42, and Plaintiff filed a reply in support of the motion, Dkt. # 44.

　　　On March 23, 2021, Defendant filed an update to its notice of supplemental authority indicating that Judge Rasmeyer had entered an order denying Plaintiff's motion for consideration the day prior.  Dkt. # 46.

### IV.  DISCUSSION

　　　In addressing the matters before this Court, the Court must consider state court judgments on related matters litigated between the same parties or their privies.  *See Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003) (holding that "[a] federal court must give to a state court judgment the same preclusive effect as would the courts of the state in which it was rendered"); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) (holding that "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action").  In a diversity action such as this, "state law controls whether the previous state court determinations have a preclusive effect on Plaintiff's claims."  *Pac. Boring, Inc. v. Staheli Trenchless Consultants, Inc.*, 138 F. Supp. 3d 1156, 1162 (W.D. Wash. 2015), *aff'd*, 708 F. App'x 324 (9th Cir. 2017).  Under Washington state law, a decision on a partial summary judgment motion constitutes a final judgment for purposes of collateral estoppel.  *See* 138 F. Supp. 3d at 1163 (holding that with respect to collateral estoppel, "a final judgment includes any prior adjudication of an issue in another action

ORDER – 5

that is determined to be sufficiently firm to be accorded conclusive effect.")

In the *Ozark* litigation, a WGUS affiliate, Ozark, filed suit against Ozone related to the Receivership. Dkt. # 39 at 1. Ozone asserted an affirmative defense that it argued would allow it "to offset any damages Ozark might recover in this litigation by using amounts Ozone asserted against TriStrata in the Receivership." Dkt. # 39-1 at 3. Ozone had filed a Receivership Proof of Claim asserting that Ozone was entitled to recover $31 million from TriStrata based on TriStrata's alleged breach of two contracts in the underlying transaction that preceded the Receivership. *Id.* Ozark moved for partial summary judgment against Ozone's affirmative defense of setoff. *Id.* at 2.

The Superior Court granted Ozark's motion and dismissed with prejudice Ozone's affirmative defense, which sought the right to assert a setoff against Ozark's claims in the litigation by using amounts Ozone asserted against TriStrata in the Receivership. *Id.* at 5. Judge Rasmeyer held that Ozone had waived and released any claims it had against TriStrata and that *any other recovery* against TriStrata is barred by res judicata and collateral estoppel. *Id.* at 3-4. The order states the following:

> Following that Proof of Claim, the Receiver proposed a compromise assigning Ozone valuable assets in exchange for waiving and releasing any remaining claims that Ozone might have had against TriStrata. With Ozone's support, King County Superior Court Judge Marshall Ferguson entered an order approving that compromise on August 16, 2019, and deeming all of Ozone's remaining claims against TriStrata to be waived and released. (Citation omitted). Judge Ferguson's order is a final ruling on Ozone's claims against TriStrata. Accordingly, any other recovery against TriStrata is now barred by the doctrines of res judicata and collateral estoppel.

*Id.*

The court rejected Ozone's argument that it had not waived all claims, noting the following:

> Ozone's Proof of Claim, which no doubt asserted its contention against TriStrata, cannot be found to have survived without reference in the detailed and explicit assignment and sale of TriStrata assets and liabilities, which, instead, specifically

ORDER – 6

waived and released all claims and liabilities not otherwise assigned. *Id.* at 4.

In the court's second order, Judge Rasmeyer denied Ozone's cross-motion for summary judgment based on the same reasoning:

> The fact that Ozone filed its Proof of Claim in the Receivership does not mean that its $31 million claim was established as a matter of law, or that Ozone may continue to assert that claim against third-parties. Rather, after Ozone filed its Proof of Claim, the Receiver proposed a compromise assigning Ozone valuable assets in exchange for waiving and releasing any remaining claims that Ozone might have had against TriStrata. With Ozone's support . . . Judge Marshall Ferguson entered an order approving that compromise . . . and deeming all of Ozone's remaining claims against TriStrata to be waived and released.

Dkt. 39-2 at 4.

Finally, in its order on Ozone's motion for reconsideration, the court denied reconsideration and reaffirmed its ruling in both orders. Dkt. # 46-1 at 2-3.

The Court finds that Superior Court's orders are clear, final, and dispositive of Plaintiff's UVTA claims in the instant case. The Court need not wait for the parties to confirm whether they will move for interlocutory appeal because, as noted above, the Superior Court's decisions serve as final judgments for purposes of collateral estoppel. *See* 138 F. Supp. 3d at 1163. Additional briefing by the parties on the Superior Court's denial of Ozone's motion for reconsideration is unnecessary for the Court to render a conclusion on the preclusive effect of the Superior Court's judgment on the claims here[1]. *See Chao, supra*, 346 F.3d 921; *Allen* 449 U.S. at 94.

The Court finds Plaintiff's claims seeking recovery as a creditor of TriStrata are unambiguously precluded by the Superior Court's conclusion that Ozone waived and released any remaining claims it might have had against TriStrata. Under the UVTA, a "creditor" is a person that has a claim. RCW 19.40.011(4). A "claim" under the statute

---

[1] The Court declines to address the arguments raised in the notice supplemental authority and objected to by Plaintiffs. The Court instead conducts its own analysis of the state court orders and their effect on the claims at issue.

ORDER – 7

means "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." RCW 19.40.011(3). The Superior Court has concluded that Ozone has no right to recovery of payment from TriStrata. Based on this finding, plaintiff is unable to point to factual allegations that "state a claim to relief that is plausible on its face" to survive a motion to dismiss.

## V.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss First Amended Complaint is **GRANTED** without prejudice. Dkt. # 23. The Court **GRANTS** Plaintiff leave to amend the Complaint **within fourteen (14) days from the date of this Order**. If Plaintiff does not file an amended complaint within that time, the Court may dismiss this action with prejudice. Plaintiff's Motion to Strike the Notice of Supplemental Authority is **DENIED** as moot. Dkt. # 40.

DATED this 31st day of March, 2021.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 8